

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Santiago" (2006). *2006 Decisions.* Paper 1131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1649
_____

UNITED STATES OF AMERICA,


v.

MARCOS SANTIAGO,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Timothy J. Savage
(Criminal No. 03-00157-1)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 27, 2006

BEFORE: AMBRO and FUENTES, Circuit Judges, and IRENAS,[*] District Judge.


(Filed May 10, 2006)


_____

OPINION OF THE COURT
_____


_____

[*] Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

FUENTES, <u>Circuit</u> <u>Judge</u>.

Marcos Santiago appeals his conviction for interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951. He argues, first, that his prosecution was impermissible under the Commerce Clause of the United States Constitution, and second, that the District Court erred in its instructions to the jury regarding the required effect of the defendant's conduct on interstate commerce. We reject both of Santiago's claims and affirm the conviction.[1]

## I. BACKGROUND

Because we write only for the parties, our summary of the facts is abbreviated. In January 2004, Marcos Santiago ("Santiago") and his brother, Alfred Santiago, were indicted in the United States District Court for the Eastern District of Pennsylvania on charges of participating in three armed robberies of hotels in the area of Lancaster, Pennsylvania. Santiago was charged with conspiracy to interfere with and interference with commerce by robbery under the Hobbs Act, firearm possession, carjacking, and related counts. The cases of the two brothers were severed. Santiago's case went to trial in March 2004, and he was convicted of interference with commerce by robbery and

---

[1] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over Santiago's appeal of his conviction pursuant to 28 U.S.C. § 1291. We exercise plenary review in considering Santiago's challenge to the constitutionality of his prosecution under the Hobbs Act and to the District Court's interpretation of the Hobbs Act in its jury instructions. <u>See</u> <u>United States v. Urban</u>, 404 F.3d 754, 762 (3d Cir. 2005).

several firearm possession charges. In February 2005, Santiago was sentenced to a total of 402 months (33.5 years) in prison.

## II. DISCUSSION

**A. Constitutionality of the Hobbs Act as Applied to Santiago**

Santiago asserts that his conviction pursuant to the Hobbs Act, 18 U.S.C. § 1951, was unconstitutional under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. The Hobbs Act provides, *inter alia*, that

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). Santiago argues, with reference to various excerpts from the legislative history of the Hobbs Act, that the Act was intended to specifically target robbery and extortion of truck drivers and shippers attempting to deliver goods into cities. He contends that extending the Act to "local" crimes such as hotel robbery is impermissible under United States v. Lopez, 514 U.S. 549 (1995). In Lopez, the Supreme Court held that Congress exceeded its authority under the Commerce Clause when it passed the Gun-Free School Zones Act, because that statute was unrelated to economic activity. Id. at 560-67.

Santiago's claim cannot succeed under this Court's jurisprudence, which has affirmed since Lopez that the Hobbs Act may be applied to robberies involving a minimal

3

impact on interstate commerce. See, e.g., United States v. Clausen, 328 F.3d 708, 710-11 (3d Cir. 2003) (rejecting claim under Lopez that the Hobbs Act is unconstitutional as applied to robberies of local Philadelphia businesses); United States v. Haywood, 363 F.3d 200, 211 n.7 (3d Cir. 2004) (concluding in a Hobbs Act case involving a robbery of a Virgin Islands bar that evidence that the bar sold beer imported from the mainland United States was sufficient evidence of interstate commerce to support federal jurisdiction).

At trial, the government satisfied its burden of showing an impact on interstate commerce. Representatives from each of the three robbed hotels (the Ramada Inn, the Days Inn, and the Host Resort) testified. The representatives stated that the each hotel is part of a national organization of hotels and that each hotel receives a significant number of customers from out of state. Each hotel also receives services and supplies from out of state. Thus, the government was within its authority in prosecuting Santiago under the Hobbs Act, and Santiago's Commerce Clause claim must fail.

## B. **Jury Instructions**

Relatedly, Santiago challenges the District Court's jury instructions regarding the interstate commerce requirement under the Hobbs Act. The Court instructed the jury that:

> If you find that the defendant knowingly obtained another's property against that person's will by robbery, you must then decide whether this action would affect interstate commerce in any way or to any degree. You must determine whether there is an actual or potential [e]ffect on commerce between two or more states. This means any action which interferes with, changes or alters the movement or transportation or flow of goods,

merchandise, money or other property in commerce. The defendant need not have intended or anticipated an [e]ffect on interstate commerce.

Santiago asserts that the District Court erred in instructing the jury that only a minimal effect on interstate commerce was necessary for conviction. As noted above, Santiago's contention is flatly wrong under the relevant precedents of this Court. See, e.g., United States v. Urban, 404 F.3d 754, 762-63 (3d Cir. 2005) (approving Hobbs Act jury instructions requiring a finding that the charged acts "'potentially caused' just a 'minimal' effect on interstate commerce"); Clausen, 328 F.3d at 711 (holding that only a *de minimis* effect on interstate commerce need be proven to satisfy the jurisdictional element of the Hobbs Act). We therefore reject Santiago's appeal on this basis, and affirm the judgment of the District Court.

5